UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-181-RJC

| | |
|---|---|
| MARY L. HAGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BANK OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the *pro se* Amended Complaint, (Doc. No. 4), pursuant to 28 U.S.C. § 1915. Plaintiff is proceeding *in forma pauperis.* (Doc. No. 3).

## I. BACKGROUND

Plaintiff filed the Complaint on a form used for employment discrimination actions pursuant to Title VII of the Civil Rights Act of 1974. (Doc. No. 1 at 1). She named as Defendants: Bank of America; Valeria Lewis of Freeman's Business Center; and Perry Hopper of NACA. The Complaint was dismissed on initial review and Plaintiff was given the opportunity to amend. (Doc. No. 3). The Amended Complaint is now before the Court on initial review.

The Amended Complaint was submitted on a general complaint form, but Plaintiff identifies no basis for the Court's jurisdiction. (Doc. No. 4 at 1). Plaintiff names as Defendants the Charlotte Housing Authority ("CHA") and "Ebony Hopkins – CHA Inlivian." (Id.). The causes of action are *verbatim*:

> (1) James Berrocal 9/16/2017 I were [sic] told over the phone by James Berrocal himself that give him a change [sic] to find out what's going on and he Jame's [sic] Berrocal I will assiste [sic] me and filling out the complaint form. Didn't happen?

1

(2) James Berrocal 9-17-2018 time 2:17 p.m. Monday (no) return call."

(Doc. No. 4 at 2).

For injury, Plaintiff alleges:

I been look [sic] at as if I don't belong here. Lie[d] to by apartment manager that there no apartment available when in fact there is been on the waiting list six year's [sic] when the Charlotte Housing authority application say's [sic] two year waiting list I were [sic] told they didn't have the paper application when in fact I know they did. I seen [sic] a female come out with application in her hand when I went up to the office door the door were [sic] locked at 2:30 p.m. noon day Mitchell were there and she and all the rest of the workers wouldn't let me talk to her. She yell[ed] out give her the whole package Crystal Niebit and nearly saw bush [sic] me to the door I fill out the Application brought it back to her, hoping that I would see Mitchell but I didn't. Come back two week's [sic] later and Crystal can't find the Application and it be [sic] like that since. I couldn't eat or sleep thinking were [sic] am going from here couldn't eat because I wasn't hungry felling [sic] asleep looking for work looseing [sic] weight not eating like I should lost my hair and going to see a heart specialist and a doctor about my liver….

(Doc. No. 4 at 3).

As relief she seeks "$490.000,000 [sic] billion dollars." (Doc. No. 4 at 5).

Plaintiff has attached to the Amended Complaint paperwork that appears to be related to a Medicaid disability claim and a request that the county provider medical transportation assistance. (Doc. No. 4-1).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A *pro se* complaint must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). The liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff states no basis for the Court's jurisdiction, fails to set forth any allegations relating to the Defendants, and sets forth no intelligible claim for relief whatsoever. See generally Fed. R. Civ. P. 8. The Amended Complaint is simply too nonsensical and vague to state a claim upon which relief may be granted. The Court will, therefore, dismiss the Amended Complaint without prejudice.

The Court notes that there is a prefiling injunction against Plaintiff from bringing *pro se* actions against Charlotte-Mecklenburg Hospital Authority ("CMHA"), Dennis Phillips, and Michael Tarwater, who are not named as Defendants in the instant action. See (3:13-cv-50-MOC-DSC, Doc. No. 10). The Court further notes that Plaintiff has filed at least 13 other recent actions in this Court that are similar in quality to the Complaint and Amended Complaint filed in the instant case. Plaintiff is cautioned that the repeated filing of frivolous actions may result in the imposition of sanctions.

## IV. CONCLUSION

For the reasons stated herein, the Amended Complaint will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that:

3

1. The Amended Complaint is dismissed without prejudice.

2. The Clerk is instructed to close this case.

Signed: August 18, 2020

Robert J. Conrad, Jr.
United States District Judge